**Luis Romero RODRIGUEZ; Antonia Cordova Romero, Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–73354.

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2005.\*\*

Decided April 1, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Law Offices of Sarah J.M. Jones, San Francisco, CA, Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ann Carroll Varnon, Esq., Deborah N. Misir, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN and CLIFTON, Circuit Judges.

### MEMORANDUM ***

■ Luis Romero Rodriguez and Antonia Cordova Romero petition for review of the Board of Immigration Appeals' decision summarily affirming the denial of their applications for cancellation of removal. The Romeros argue that the Immigration Judge ("IJ") improperly rejected certain affidavits that were offered as evidence of continuous physical presence and that the IJ erred in finding that they lacked good moral character.

Even if the affidavits were improperly rejected, the error was harmless, as the uncontested adverse credibility determination provided an adequate basis to conclude that the Romeros had not established continuous physical presence for the statutory period. *See Diaz–Escobar v. INS,* 782 F.2d 1488, 1494 (9th Cir.1986).

■ The Romeros' failure to be truthful during the asylum proceedings is sufficient to support the finding that they lack good moral character. *See Ramos v. INS,* 246 F.3d 1264, 1266 (9th Cir.2001). We do not have jurisdiction to consider Mrs. Romero's contention that her silence during the interview is not enough to show a lack of good moral character, because she did not raise that argument before the BIA. *See Ochave v. INS,* 254 F.3d 859, 867 n. 3 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

***

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.